UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
GARY SASS,

                Plaintiff,

                                10-cv-4079(MKB)(MDG)
      - against -

MTA BUS COMPANY,

                Defendant.
-----------------------------------x

**DEFENDANT MTA BUS COMPANY'S REQUESTS TO CHARGE
ON ELEMENTS OF CLAIM, DAMAGES SOUGHT AND DEFENSES**

**A.  TITLE VII AND STATE AND LOCAL LAWS – GENERALLY**

Plaintiff bases his claim on Title VII of the Civil Rights
Act of 1964 and state and local laws.  These laws provide in
pertinent part that it shall be an unlawful employment practice
for an employer to fail or refuse to hire or to discharge any
individual, or otherwise to discriminate against any individual
with respect to his compensation, terms, conditions, or
privileges of employment because of such individual's race,
color, religion, sex, or national origin....[1]

These laws also make it unlawful for an employer to
retaliate against an employee because he complained that his
employer was engaging in unlawful discrimination.  Specifically,
Title VII forbids an employer from retaliating against an
employee for "opposing any practice made unlawful under [Title
VII]."[2]  The state and local laws each contain a similar

---

[1] 5 Sand _et al._, Modern Federal Jury Instructions, Instr. 88-
42 (as modified).

[2] 42 U.S.C. § 2000e-3(a).

provision,[3] and therefore it will not be necessary for you to consider these laws separately.

In this case, plaintiff does not claim that his employer discriminated against him based on his race, color, religion or other impermissible factor, but that his employer retaliated against him for opposing unlawful discrimination.

## B.  TITLE VII RETALIATION CLAIM

Opposing discrimination in employment is a protected activity, whether the protest is justified or not.  Accordingly, to make out his claim of retaliation, plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

1.  That plaintiff complained of discrimination in his employment.  In this case, plaintiff contends that he complained of discrimination first by presenting the bus roster sheet to a supervisor and then by responding to questions asked of him during defendant's investigation;

2.  That defendant was aware of plaintiff's complaint;

3.  That plaintiff was then subjected to a material adverse action by defendant -- specifically, in this case, termination of employment; and

4.  That the defendant took the adverse action, at least in part, because of the plaintiff's complaint.[4]

---

[3]Respectively, N.Y.S. Executive Law § 296(7) and N.Y.C. Admin. Code § 8-107(7).

[4]5 Sand et al., Modern Federal Jury Instructions, Instr. 88-46 (as modified).

With respect to the first element, plaintiff need not establish that the conduct he opposed was actually a violation of Title VII, but only that he possessed a good faith, reasonable belief that the conduct was unlawful under the statute.[5]

With respect to the fourth element, the defendant need not have taken the adverse action solely, or even primarily, because of plaintiff's protected activity; but the defendant must have taken the adverse action at least in part because of an intent to retaliate against the plaintiff for complaining about employment discrimination.[6]  In other words, plaintiff need not prove that retaliation was the only motivating factor for an adverse action, but must show that retaliation was the determinative factor.[7]

**C.  CAUTIONARY INSTRUCTION ON REASONABLENESS**

In deciding plaintiff's claim, you should not concern yourselves with whether defendant's actions were wise, reasonable or fair.  Rather, your concern is only whether plaintiff has proved that defendant discharged plaintiff in retaliation for complaining about discrimination.[8]

**D.  PRETEXT**

The defendant has offered evidence that it took the adverse

---

[5]Summa v. Hofstra Univ., 708 F.3d 115, 126 (2d Cir. 2013).

[6]5 Sand et al., Modern Federal Jury Instructions, Instr. 88-46.

[7]Summa v. Hofstra Univ., 708 F.3d 115, 129 (2d Cir. 2013); see also Sand et al., Third Circuit Model Jury Instructions, Instr. 5.1.7.

[8]Sand et al., Seventh Circuit Model Jury Instructions, Instr. 3.07.

action entirely for non-retaliatory reasons.  Remember that it is the plaintiff's burden to prove that at least one of the motivating reasons for the decision was intentional retaliation. Remember, too, that an employer may take adverse decisions against an employee for any reason, good or bad, as long as it is not retaliatory.  However, you should evaluate the reasons offered by the defendant, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decision, then you may infer or not infer, as you choose, that the pretext was designed to conceal retaliation.[9]

An employer does not violate Title VII when it takes adverse action against an employee who opposes discrimination if the action is taken for any reason other than retaliation.  Because of this, adverse action taken to preserve a workplace environment that is governed by rules, subject to a chain of command, free of commotion, and conducive to the work of the enterprise are not unlawful.  Insubordination and other misconduct that disrupts the workplace are legitimate reasons for firing an employee.[10]

## E.  MIXED MOTIVE

You have heard evidence from which you may infer, but are not required to, that the defendant's adverse employment action

---

[9]5 Sand et al., Modern Federal Jury Instructions, Instr. 88-44 (as modified).

[10]Matima v. Celli, 228 F.3d 68, 79 (2d Cir. 2000); see also EEOC v. Total System Services, Inc., 221 F.3d 1171, 1176 (11th Cir. 2000).

was motivated by unlawful retaliation and also by lawful reasons. If you find that retaliation was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by additional, lawful reasons.

However, defendant claims that even if retaliation were a motivating factor in the defendant's decision to terminate plaintiff's employment, defendant would have taken the same action concerning the plaintiff in the absence of the unlawful motive. On that claim, the burden of proof is on the defendant. If you find that defendant has proved that it would have more likely than not made the same employment decision concerning the plaintiff, even if the unlawful motive was not present, you should so indicate that on the verdict form.[11]

## F. TITLE VII DAMAGES

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendant should be held liable.

If you find by a preponderance of the evidence that defendant intentionally retaliated against plaintiff by discharging him, then you must consider the issue of compensatory damages. You must award plaintiff an amount that will fairly compensate him for any injury actually sustained as a result of

---

[11]5 Sand et al., Modern Federal Jury Instructions, Instr. 88-43, as modified by charge in Matima v. Celli, 228 F.3d 68, 77 (2d Cir. 2000).

5

defendant's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put plaintiff in the position he would have occupied if the retaliation had not occurred. Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without defendant's act. Plaintiff must also show that defendant's act played a substantial part in bringing about the injury. This test – a substantial part in bringing about the injury – is to be distinguished from the test you must employ in determining whether defendant's actions were motivated by retaliation. In other words, even assuming that defendant's actions were motivated by retaliation, plaintiff is not entitled to damages for any injury unless retaliatory actions actually played a substantial part in bringing about the injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any inconvenience, mental anguish or loss of enjoyment of life that plaintiff experienced as a consequence of defendant's alleged unlawful act. No evidence of the monetary value of such intangible things as mental anguish or loss of enjoyment of life has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation

6

to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that plaintiff would have earned in the past or in the future, if he had continued employment with defendant.  These elements of recovery of wages that plaintiff would have received from defendant are called "back pay" and "front pay." [Advisory jury: "Back pay" and "front pay" are to be awarded separately under instructions that I will now give to you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.][12]

## G.  BACK PAY [ADVISORY JURY]

If you find that defendant intentionally retaliated against plaintiff in discharging him, you may award as damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits that plaintiff would have received from defendant had plaintiff not been the subject of defendant's unlawful retaliation.  Plaintiff has the burden of proving these damages by a preponderance of the evidence.[13]

## H.  FRONT PAY [ADVISORY JURY]

You may determine separately a monetary amount equal to the present value of any future wages and benefits that plaintiff

---

[12]Sand et al., Third Circuit Model Jury Instructions, Instr. 5.4.1 (as modified).

[13]Sand et al., Third Circuit Model Jury Instructions, Instr. 5.4.3 (as modified).

would reasonably have earned from defendant had plaintiff not been discharged for the period from the date of your verdict through a reasonable period of time in the future. From this amount you must subtract the amount of earnings and benefits plaintiff will receive from other employment during that time. Plaintiff has the burden of proving these damages by a preponderance of the evidence.

You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the award if he made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to plaintiff if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that plaintiff can earn on that amount in the future.[14]

## I. MITIGATION

You are instructed that plaintiff has a duty under the law to mitigate his damages – that is, to exercise reasonable diligence under the circumstances to minimize the harm he suffered. Therefore, if you find by the preponderance of the

---

[14]Sand et al., Third Circuit Model Jury Instructions, Instr. 5.4.4 (as modified).

evidence that the plaintiff failed to seek out or take advantage

of an opportunity that was reasonably available to him, you must

reduce the damages he would otherwise be entitled to receive by

the amount he reasonably could have avoided if he had sought out

or taken advantage of such an opportunity.[15]

Dated: New York, New York
      June 10, 2013

                    Respectfully submitted,

          /s/_____
           Steve S. Efron (SE1234)
           Attorney for Defendant
           MTA Bus Company
           237 West 35th Street - Suite 1502
           New York, New York 10001
           (212) 867-1067

---

[15] 5 Sand et al., Modern Federal Jury Instructions, Instr. 88-70.