UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary Sass,<br><br>                    Plaintiff,<br><br>     - against -<br><br><br>MTA Bus Company,<br><br>                    Defendant. | 10 CV 4079 (MKB)(MDG)<br><br>Plaintiff's Proposed Jury Instructions |

Plaintiff's Proposed Jury Instruction No. 1

Now I will give you the substantive law to be applied to this case.

The plaintiff, Gary Sass, contends that the defendant, MTA Bus, terminated his employment because he opposed conduct that he considered to be contrary to Federal, New York State and New York City laws against discrimination.

MTA Bus, on the other hand, asserts that plaintiff's termination had nothing to do with his opposition of any such conduct and that it was for legitimate, non-retaliatory business reasons.

Plaintiff's Proposed Jury Instruction No. 2

It is unlawful under Federal, State and New York City law for an employer to subject an employee to adverse terms and conditions of employment because of that employee's having engaged in certain activities which are protected by the Federal, State and City anti-discrimination laws.  These activities are called protected activities and include bringing the employer's attention to conduct or activity that the employee believes is contrary to those laws.  The law permits an employee to bring such matters to the attention of the employr, as long as they are based in good faith, without fear that the employer will retaliate against the employee

for doing so.  This is so even if it is ultimately determined that the employer has not violated the laws against discrimination.

Plaintiff's Proposed Jury Instruction No. 3

In order to prove his claim, plaintiff must show that the fact that he engaged in protected activity played a role in MTA's termination of his employment.

Protected activity is the opposition of a discriminatory or perceived discriminatory employment practice.  In this case, plaintiff alleges that he engaged in the following protected activity:

- That in about April, 2008, he discovered a document in a copy machine that had Nazi symbols printed on it and that he made a report of this to his immediate supervisor, Charley Miller.
- That some time in 2008 or 2009, at a meeting with Managers, he criticized management's failure to respond to harassment of an employee that ultimately resulted in an EEO charge.
- That on October 29, 2009, while participating in an internal investigation concerning the document with Nazi symbols, he revealed that he had previously reported this to Mr. Miller and that Mr. Miller had taken no action with respect thereto.

The April 2008 incident is [disputed][not disputed] by MTA Bus.  MTA Bus does not dispute that plaintiff was present and spoke at the Manager's meeting, but it disputes that his comments were protected activity.  MTA Bus does not dispute that plaintiff informed it that he had submitted the document with Nazi symbols to Mr. Miller in April, 2008, but it disputes that such communication was made in good faith.  MTA Bus does not dispute that plaintiff's

participation in the internal investigation concerning the document with Nazi symbols constituted protected activity.

Protected activity played a role in plaintiff's termination if it was a motivating factor. Plaintiff is not required to prove that his protected activity was the sole, or even the primary, motivation for defendant's decision to terminate his employment. Plaintiff need only prove that one or more of his protected activities played a part in the defendant's actions, even though other factors may also have motivated the defendant. If you find from the evidence that plaintiff's one or more of plaintiff's protected activities was, more likely than not, a motivating factor for the termination of plaintiff's employment, then you should so indicate on the verdict form.

Plaintiff is not required to prove his claim with direct evidence of retaliation. Retaliation may be proved either by direct evidence, circumstantial evidence, or both. It may be inferred from the existence of other facts.

Plaintiff's Proposed Jury Instruction No. 5

I will now instruct you on what damages the plaintiff is entitled to recover if you find that the defendant illegally terminated his employment.

If you find that defendant wrongfully terminated plaintiff's employment, he is entitled to compensation for the back pay he would have received had defendant not terminated his employment. This amount would consist of the wages, employee benefits and any other economic or financial benefits of employment plaintiff would have received from the date of termination to the date of judgment. From this amount, you should subtract the total amount each plaintiff has earned during the same period, in wages, earnings, or other income and benefits.

You may also award compensatory damages for any future damages that you find were caused by defendant's alleged illegal acts. An award of future damages necessarily requires that monetary payment be made now for a loss that plaintiffs will not suffer until some future date. If you should find that a plaintiff is entitled to future damages, including future earnings, future medical or retirement benefits, or any other economic of financial benefits that plaintiff would have enjoyed in the future that are lost because of the termination of his employment, then you must determine the present value or worth, in dollars, of such future damages from the date of your verdict until the date when the plaintiff would have retired, voluntarily resigned or obtained other employment.

If you award damages for loss of future earnings, you must do two things. First, you should reduce any award by the amount of the expenses that the plaintiffs would have incurred in making those earnings. Second, you must reduce any award to its present value by considering the interest that the plaintiffs could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss earnings is more valuable to a plaintiffs if he receives it today than if he received it in the future, when he would have otherwise earned it. It is more valuable because the plaintiffs can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should decrease the amount of any award for loss of future earnings by the amount of interest that the plaintiffs can earn on that amount in the future.

The plaintiff is entitled to compensation for any intangible injuries he experienced as a result of defendant's unlawful conduct, including humiliation, emotional trauma, and mental suffering and anguish. No evidence of monetary value of such intangible things as pain and

suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for those elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as circumstances permit. There is no requirement that a plaintiff prove expenses, lost earnings, or that he suffered any measurable damages in order for him to receive compensation for mental suffering.

A plaintiff is not required to have sought psychiatric or psychological treatment in order to recover damages for emotional distress.

Dated: New York, New York
      June 12, 2013

                                  MICHAEL G. O'NEILL

                                  _____
                                  Attorneys for Plaintiff
                                  30 Vesey Street, Third Floor
                                  New York, New York 10007
                                  (212) 581-0990