UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary Sass, | 10 CV 4079 (MKB)(MDG) |
| Plaintiff, | |
| - against - | Plaintiff's Proposed Voir Dire |
| MTA Bus Company, | |
| Defendant. | |

### The Legal Framework

Rule 47(a) of the Federal Rules of Civil Procedure provides:

(a) Examination of Jurors. The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions of the parties or their attorneys as it deems proper.

Considerable discretion rests with a trial court as to the manner and scope of voir dire. *Aldridge v. United States*, 283 U.S. 308, 310 (1931); *Stephan v. Marlin Firearms Company*, 353 F.2d 819 (2d Cir.1965), *cert. denied*, 384 U.S. 959 (1966). The trial court's discretion is limited by the right of the parties to a fair and impartial jury. When trying to preserve the right of the parties to an impartial jury, the Court should conduct an examination of prospective jurors so that the parties have a basis for an intelligent exercise of their rights to challenge a juror. *Fietzer v. Ford Motor Co.*, 622 F.2d 281, 284-286 (7th Cir.1980).

### Plaintiff's Proposed Voir Dire Procedure

The Plaintiff is aware that voir dire is generally conducted by the Court in the Federal Courts in New York, although the practice is by no means exclusive. The Plaintiff requests

that the Court also permit the attorneys to question prospective jurors.

The Plaintiff proposes that (a) the Court question the prospective jurors on general subject matters, such as their knowledge of the parties, prior jury experience and general background to the extent not covered by the questionnaire and (b) the attorneys be given a time to question each juror.

If the Court declines to adopt the Plaintiff's requested procedure, the Plaintiff requests that the Court question the prospective jurors on the following subject matters and pose the specific questions set forth below, and such follow up questions as naturally occur to the Court and the parties based on the answers of the prospective jurors:

**Familiarity with Case, Parties and Attorneys**

The Plaintiff requests that the Court question the jurors concerning any familiarity they may have with the parties, witnesses, attorneys or the case itself. The Plaintiff anticipates that the following individuals will be called as witnesses are referred to by witnesses:

[names to be supplied]

**General background information**

The Plaintiff requests that the Court question the jurors concerning the following:

Where live, City and neighborhood

Age

Education

Occupation

Members of household

Occupations of household members

What newspapers and magazines the prospective jurors read

What tv and radio shows prospective jurors watch or listen to

What clubs, organizations or other groups prospective jurors belong to

**Relevant life experiences**

The Plaintiff requests that the Court question the jurors concerning the following:

Do prospective jurors know anyone at MTA Bus.

Have prospective jurors ever had dealings with MTA Bus.

Have prospective jurors ever been supervisors or manager.

Do prospective jurors have any experience with discipline or termination of employees.

Previous jury experience

Any experience with lawsuits.

Any experience with civil rights or employment lawsuits.

Has prospective juror or anyone close to prospective jurors ever made a complaint against his or her employer.

Has prospective juror or anyone close to prospective jurors ever been the subject of a discrimination or harassment complaint at his or her employment.

**Specific Questions**

How do you feel about our system of justice, in which the only remedy for wrongs is an award of money damages?

How do you feel about awarding money damages when the wrongs are not economic, such as violations of rights, emotional suffering or for injured feelings?

Would you have any difficulty in awarding significant money damages if the Plaintiff proves his case as instructed to you by the Judge?

Do you think it's wrong to bring a lawsuit if your rights have been violated?

Do you think it's wrong to sue your employer?

Have you ever been injured or had your rights violated by somebody else and decided not to make a claim or sue? (if so, follow up questions regarding circumstances and reasoning)

You do think that violations of rights by employers is a serious problem these days?

On a scale of 1 to 10, how serious a problem do you see it?

Do you think that the laws favor individuals, employers, or are just about right?

Is there anything that you feel should be brought to the court's attention that might affect your ability to be a fair and impartial juror or any reason why you may not be the best juror for this case?

Is there any matter you would prefer to discuss privately with the Court and lawyers?

Dated: New York, New York
June 12, 2013

MICHAEL G. O'NEILL
(MO3957)

_____
Attorney for the Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990