UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
GARY SASS,

                              Plaintiff,                      **MEMORANDUM & ORDER**
                                                                          10-CV-4079 (MKB)
                v.

MTA BUS COMPANY,

                              Defendant.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Gary Sass filed the above-captioned action against his former employer Metropolitan Transportation Authority Bus Company ("MTA Bus") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"). After a jury trial, the jury found Defendant liable and awarded damages in the amount of $358,300. Four days after the jury verdict, on June 24, 2013, the Supreme Court of the United States issued a decision in *University of Texas Southwest Medical Center v. Nassar* changing the standard of proof necessary to establish a retaliation claim pursuant to Title VII. 570 U.S. ---, ---, 133 S. Ct. 2517, 2533 (2013). Based on *Nassar*, Defendant moved for judgment as a matter of law, or in the alternative, for a new trial. For the reasons discussed below, Defendant's motion for a new trial is granted.

**I. Background**

       The Court assumes familiarity with the underlying facts and procedural history of this case. *See Sass v. MTA Bus Co.*, No. 10-CV-4079, 2012 WL 4511394 (E.D.N.Y. Oct. 2, 2012). According to Plaintiff, he was terminated from his position as a bus maintenance supervisor at

MTA Bus in retaliation for telling MTA Bus investigators that he had reported to his supervisor finding a bus roster with Nazi symbols superimposed on it, and that his supervisor failed to take any action. On June 17, 2013, the Court commenced a jury trial on Plaintiff's retaliation claim and after presentation of all the evidence, Defendant moved pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law, on the basis that Plaintiff could not establish a causal connection between his termination and the protected activity. (Docket Entry No. 57, Trial Transcript ("Tr.") 405.) The Court denied the motion on the grounds that a reasonable jury could find that Defendant's reason for the termination was pretextual, based on the differential treatment accorded to a similarly situated employee. (Tr. 413–14.) The Court instructed the jury that in order to establish liability on the claim of retaliation, Plaintiff had to prove that "one or more of his protected activities played an important role in [D]efendant's decision to terminate [P]laintiff," and that "[P]laintiff's participation in protected activities were more likely than not a motivating factor in [D]efendant's termination of [P]laintiff." (Tr. 586:16–24.) On June 20, 2013, the jury returned a verdict in favor of Plaintiff. Plaintiff moved for reinstatement, pension contributions, back pay and for attorneys' fees.

On June 24, 2013, the Supreme Court of the United States issued a decision in *Nassar* holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation," expressly rejecting the motivating-factor standard. *Nassar*, 570 U.S. at ---, 133 S. Ct. at 2533. Based on the Supreme Court's *Nassar* decision, Defendant renewed its motion pursuant to Rule 50 for judgment as a matter of law and, in the alternative, moved pursuant to Rule 59 for an order vacating the verdict and granting a new trial.

## II. Discussion

### a. Standard of Review

#### i. Rule 50

Rule 50 of the Federal Rules of Civil Procedure allows a court to set aside a jury's verdict and grant judgment as a matter of law if the court finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find" as it did. Fed. R. Civ. P. 50(a)(1). Under Rule 50(b), a party must initially move for judgment as a matter of law at the close of the presentation of all evidence in a trial, before the case is submitted to trial. If the motion is denied, the movant may file a renewed motion subsequent to the return of the jury verdict, within 28 days of the entry of judgment, and "may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b); *Carrion v. Agfa Const., Inc.*, 720 F.3d 382, 385 (2d Cir. 2013). In ruling on the renewed motion, the Court retains discretion to allow judgment on the verdict, order a new trial, or direct entry of judgment as a matter of law in favor of the movant. Fed. R. Civ. P. 50(b). "The court must consider the evidence in the light most favorable to the non-movant and 'give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence.'" *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007)). The standard for granting judgment as a matter of law pursuant to Rule 50 "is a stringent one, and the movant may prevail only when 'a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013) (quoting Fed. R. Civ. P. 50(a)(1)); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000) (Under Rule 50, a court should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that

issue.'" (quoting Fed. R. Civ. P. 50(a)); *Izzarelli v. R.J. Reynolds Tobacco Co.*, 731 F.3d 164, 167 (2d Cir. 2013) ("Judgment as a matter of law is appropriate if, after reviewing the evidence in the light most favorable to . . . the nonmovant, 'there can be but one conclusion as to the verdict that reasonable [jurors] could have reached.'" (alteration in original) (quoting *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 14 (2d Cir. 1993))). "That burden is particularly heavy where, as here, the jury has deliberated in the case and actually returned its verdict in favor of the non-movant." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (citation and internal quotation marks omitted). "In such circumstances, a court may set aside the verdict only if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Id.* (citation and internal quotation marks omitted).

### ii. Rule 59

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, "[a] court may grant a new trial 'for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .'" *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012) (quoting Fed. R. Civ. P. 59(a)(1)(A)), *cert. denied*, 568 U.S. ---, 133 S. Ct. 789 (2012). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Snyder v. N.Y.S. Educ. Dep't*, 486 F. App'x 176, 177 (2d Cir. 2012) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997)), *cert. denied*, 568 U.S. ---, 133 S. Ct. 653 (2012). Grounds for granting a new trial include verdicts that are against the weight of the evidence, *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003), substantial errors in the admission or rejection of evidence, *O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d

4

153, 166 (2d Cir. 2008), and non-harmless errors in jury instructions, *United States v. Kozeny*, 667 F.3d 122, 130 (2d Cir. 2011), and verdict sheets, *Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 425 F.3d 126, 136 (2d Cir. 2005).

### b. Rule 50 Motion for Judgment as a Matter of Law

Defendant renews its motion made pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law on the basis that Plaintiff failed to present sufficient evidence to establish a causal connection between Plaintiff's protected activity and his termination. (Docket Entry No. 51, Def. Mem. 7.) Defendant argues that under the motivating-factor standard on which the jury was instructed, Plaintiff did not met his burden to establish that Defendant's legitimate, non-discriminatory explanation for Plaintiff's termination was pretext for retaliation. (Def. Mem. at 9–10.) Defendant further argues that the Court should evaluate the evidence presented by Plaintiff at trial under the "but-for" standard announced in *Nassar*, and that under this standard, Plaintiff could not prevail at trial "'merely by showing that retaliation was one of a number of motivating factors' in his termination." (Def. Mem. 8 (quoting *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 118 (2d Cir. 2000))).

Defendant's argument that Plaintiff did not meet its burden under the less stringent motivating-factor standard on which the jury was instructed is the same argument that Defendant made in support of its motion for summary judgment, which motion was previously denied by the Court. *See Sass*, 2012 WL 4511394, at *8. In light of the evidence presented at trial, including the evidence that Plaintiff had been treated materially differently than a similarly situated employee who had not engaged in the protected activity, the Court cannot conclude that, under the motivating-factor standard, reasonable jurors could only have concluded that Plaintiff failed to meet his burden. *See Izzarelli*, 731 F.3d at 167.

In addition, assuming without deciding that the "but-for" standard announced in *Nassar* should be applied to assess Defendant's Rule 50 motion,[1] the Court does not find that "the

---

[1] Defendant cites *Hawknet, Ltd. v. Overseas Shipping Agencies*, for the proposition that the Supreme Court's decision in *Nassar*, although issued four days after the jury verdict in this case, is the applicable law for a finding of liability. (Def. Mem 8–9 (citing 590 F.3d 87, 91 (2d Cir. 2009))). In *Hawknet* the Second Circuit recognized that a new rule of law announced by the Supreme Court and applied to the parties before it becomes "the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review. . . ." *Hawknet*, 590 F.3d at 91 (quoting *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)). Courts outside this circuit have relied on *Harper* to conclude that a post-trial change in controlling law applies to post-trial Rule 50 and Rule 59 motions. *See Istvanik v. Rogge*, 50 F. App'x 533, 536 (3d Cir. 2002) (affirming district court's grant of Rule 50(b) motion for judgment as a matter of law granting qualified immunity to defendant, where the district court applied Supreme Court decision that was issued subsequent to trial); *Molnar v. Booth*, 229 F.3d 593, 599 (7th Cir. 2000) (reviewing district court's denial of defendants' Rule 50 motions for judgment as a matter of law under Rule 50, noting "it is particularly important here to acknowledge that we apply the law as it now is, including the Supreme Court's intervening decisions," and finding that even under the new standard the plaintiff was entitled to judgment); *Lucent Technologies Inc. v. Gateway, Inc.*, 509 F. Supp. 2d 912, 933 n. 14 (S.D. Cal. 2007) (observing that the holding of a Supreme Court decision issued two months after a jury verdict applied to Rule 50 / 59 motions for judgment as a matter of law and/or new trial, "[s]ince this trial remains here on direct review").

While the Second Circuit has not directly addressed whether an intervening change in controlling law is a proper basis for relief in the form of judgment as a matter of law, it has recognized that "the very purpose of Rule 50(b)'s requiring a prior motion for a directed verdict is to give the other party an opportunity to cure the defects in proof that might otherwise preclude him [or her] from taking the case to the jury." *Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005) (alteration in original) (quoting *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir. 1994)). This principle of fair notice suggests that, particularly on a fact-intensive determination, the better approach to accommodating a post-trial change in law is to grant a new trial, rather than decide the issue based on the evidence that was presented under the previous standard. *Cf. Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 282 (5th Cir. 1999) ("Of course, Supreme Court decisions apply retroactively and prospectively to all cases on direct appeal whenever applied to the litigants before the Court. When law changes in unanticipated ways during an appeal, however, this court will generally remand for a new trial to give parties the benefit of the new law and the opportunity to present evidence relevant to that new standard. The motivation of this rule is fairness: to prevent injustice to a party who had no reason to expect a changed rule at the time of trial." (citing *Harper*, 509 U.S. at 97)); *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (finding that district court had "inappropriately" dismissed for lack of subject matter jurisdiction, *sua sponte*, after Supreme Court decision holding that Congress had not abrogated sovereign immunity

evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Cash*, 654 F.3d 324, 333. The determination of whether Plaintiff's protected activity was the "but for" cause of his termination ultimately will be based on a credibility assessment of the witnesses at trial, a task best left to the jury. *See Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 n. 5 (2d Cir. 2013) ("The determination of whether retaliation was a 'but-for' cause, rather than just a motivating factor, is particularly poorly suited to disposition by summary judgment, because it requires weighing of the disputed facts, rather than a determination that there is no genuine dispute as to any material fact. A jury should eventually determine whether the plaintiff has proved by a preponderance of the evidence that she did in fact complain about discrimination and that she would not have been terminated if she had not complained about discrimination."). In addition, the "but-for" standard required by *Nassar* "does not equate to a burden to show that such consideration was the 'sole' cause." *Kwan*, 737 F.3d at 846 n. 5. Instead, it requires Plaintiff to establish that his termination would not have occurred had he not engaged in protected activity. *Nassar*, 570 U.S. at ---, 133 S. Ct. at 2533 (stating that proving Title VII retaliation claims according to the traditional principles of but-for causation "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer"); *see also Stoler v. Inst. for Integrative Nutrition*, No. 13-CV-1275, 2013 WL 6068598, at *12 (S.D.N.Y. Nov. 18, 2013) ("[E]ven under the 'but-for' standard articulated in *Gross* [*v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)] and adopted in *Nassar* Plaintiffs need not show that retaliation is the only cause of an

---

against suits under the Age Discrimination in Employment Act, because "[t]he trial court gave the parties no advance notice that dismissal was contemplated and afforded them no opportunity to brief the question of subject matter jurisdiction"). The Court need not resolve this issue because Defendant is not entitled to judgment as a matter of law under either standard.

7

adverse action. 'Instead, an employer may be held liable under [a but-for standard] if other factors contributed to its taking an adverse action, as long as [the protected characteristic] was the factor that made a difference.'" (alteration in original) (quoting *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277–78 (10th Cir. 2010) (ADEA case))); *Graham v. Three Vill. Cent. Sch. Dist.*, No. 11-CV-5182, 2013 WL 5445736, at *25 (E.D.N.Y. Sept. 30, 2013) ("To satisfy this but-for causation element, plaintiff must 'prove that [her] termination would not have occurred in the absence of a retaliatory motive.'" (quoting *Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3625, 2013 WL 3968748, at *20 (E.D.N.Y. July 30, 2013))). In light of the evidence presented at trial, including the evidence that Plaintiff had been treated materially differently than a similarly situated employee who had not engaged in the protected activity, a reasonable jury could find, even under the more stringent *Nassar* standard, that Plaintiff's termination would not have happened had he not engaged in protected activity.

    **c. Rule 59 Motion for a New Trial**

        **i. Retroactivity of *Nassar***

In support of its Rule 59 motion for a new trial, Defendant argues that the standard for establishing causation in a Title VII retaliation claim announced by the Supreme Court in *Nassar* is significantly more stringent than the "motivating-factor" charged to the jury at trial, and that the new standard must be given retroactive effect. A retroactive change in controlling law has been cited as a basis for granting a motion for a new trial. *See Cassotto v. Potter*, No. 09-CV-1303, 2013 U.S. Dist. LEXIS 111752, at *2–3 (D. Conn. Aug. 8, 2013) (granting defendant's motion for a new trial on the issue of causation in a Title VII retaliation claim when the Supreme Court decided *Nassar* shortly after jury verdict for plaintiff); *Lucas Hoist & Equip. Co. v. Eaton Corp.*, 76 F.R.D. 661 (W.D. Pa. 1977) (exercising discretion under Rule 50(b) of the Federal Rules of Civil Procedure to grant a new trial, where, subsequent to trial, the Supreme Court

8

overruled a case on which the jury instructions had been based); *United States v. Bank of Am. Nat. Trust & Sav. Ass'n*, 51 F. Supp. 751 (N.D. Cal. 1943) (granting Plaintiff's motion for a new trial when two Supreme Court cases changed the controlling law subsequent to a jury verdict); *but see LiButti v. United States*, 178 F.3d 114, 119 (2d Cir. 1999) (noting that "usually, an intervening change in controlling law is a basis for an amendment of the judgment, rather than a new trial" (citing 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[5][a][ii] (3d ed. 1998))); *Young v. Lukens Steel Co.*, 881 F. Supp. 962, 974 (E.D. Pa. 1994) (denying defendant's Rule 50/59 motion for judgment as a matter of law or new trial on the basis of a post-verdict decision issued by the Third Circuit that changed the law on which the jury was instructed, noting that "[i]t is self-evident that a court should instruct a jury according to the controlling law at the time of the instruction. . . .Were a district court to order a new trial every time a higher Court vacated or reversed a case upon which the district court relied at the time it instructed a jury, the lower courts would be thrown into chaos."); *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 (5th Cir. 1979) (affirming district court denial of new trial where, during the course of the trial, a Supreme Court decision changed the controlling law regarding a claim voluntarily waived by appellant).

Defendant argues that a new trial is required under *Mitsui Sumitomo Ins. Co., Ltd. v. Evergreen Marine Corp.*, 621 F.3d 215, 220 (2d Cir. 2010). In *Mitsui*, the Second Circuit held that "when the Supreme Court or this Court 'applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review.'" *Mitsui*, 621 F.3d at 220 (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91 (2d Cir. 2009) and *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)). In *Mitsui*, the district court, addressing a motion for summary

judgment between a shipping company and its insurance provider and relying on the Second Circuit decision in *Sompo Japan Insurance Co. of America v. Union Pacific Railroad Co.* ("*Sompo*"), 456 F.3d 54 (2d Cir. 2006), applied a federal statutory scheme imposing strict liability on shippers to rule in favor of the insurance company. *Mitsui*, 621 F.3d at 217. The district court entered judgment in favor of the insurance company. *Id*. Shortly thereafter, the Supreme Court's decision in *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*("*Regal-Beloit*"), 561 U.S. 89 (2010), abrogated *Sompo*. *Id*. Addressing the appeal by the shipping company, the Second Circuit vacated the district court's decision and remanded the case, holding that the Supreme Court's holding in *Regal-Beloit*, which imposed a negligence-based liability scheme on shippers, applied retroactively to the parties. *Id*. at 220 (citing *Hawknet*, 590 F.3d at 91 and *Harper*, 509 U.S. at 97); *see also Hawknet*, 590 F.3d at 91 ("The Supreme Court has held that 'when this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review.'" (alteration omitted) (quoting *Harper*, 509 U.S. at 97)).

Thus, to the extent that this case remains open on direct review, if the Supreme Court decision changing the relevant law was applied to the parties in that decision, then under *Harper* and *Mitsui* the Court must apply that law to the pending action. *Cf. Gill v. Calescibetta*, 157 F. App'x 395, 397 (2d Cir. 2005) (remanding grant of summary judgment as to plaintiff's First Amendment retaliation claim, where intervening Second Circuit decision changed the standard for demonstrating retaliatory conduct). In *Nassar*, the Supreme Court articulated a new legal standard for analyzing causation in retaliation claims under Title VII, and applied that standard to the parties before it, vacating and remanding the Fifth Circuit's affirmation of the jury verdict for the plaintiff on his retaliation claim. *Nassar*, 570 U.S. at ---, ---,133 S. Ct. at 2524, 2534.

Thus, under *Harper* and *Mitsui*, the new standard for retaliation applies retroactively to all cases still open on direct review, including the case before this Court.

### ii. Defendant's failure to object to jury charge

Plaintiff opposes Defendant's motion on the basis that Defendant failed to object to the jury charge that included the "motivating factor" standard. (Pl. Opp. Mem. 4.) Plaintiff argues that Rule 51, which provides that failure to object to a jury charge results in a waiver of objection, is dispositive and precludes Defendant's request. (*Id*.) Plaintiff concedes that "[w]here a charge accurately summarizes settled law, and the law is subsequently changed, Rule 51 does not preclude review, because the Court would have had no reason to alter the charge, even if the party had objected." (*Id*.) Plaintiff argues, however, that this principle is inapplicable, because the issue of causation was not settled law, and indeed was an "open issue" in the Second Circuit at the time of the trial. (*Id*.) Plaintiff further argues that the Supreme Court had already granted *certiorari* in *Nassar* to resolve the question, and had "given a clear signal as to its likely outcome," thereby placing Defendant on notice to object to the jury charge. (Pl. Opp. Mem. 4.)

"Under Federal Rule of Civil Procedure 51(c) and (d), in order to preserve an issue for appeal, a party must 'object[ ] to an instruction . . . on the record, stating distinctly the matter objected to and the grounds for the objection.'" *Meisel v. Grunberg*, 521 F. App'x 3, 5 (2d Cir. 2013) (quoting Fed. R. Civ. P. 51). However, "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made." *Hawknet*, 590 F.3d at 92 (quoting *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981)).

The Court is not persuaded by Plaintiff's argument that the legal standard for showing causation in a Title VII retaliation claim was not well-settled in this Circuit at the time of trial.

11

Prior to *Nassar*, the Second Circuit consistently held that, under Title VII, "[a] retaliatory motive must be . . . at least a 'substantial' or 'motivating' factor behind the adverse action." *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Summa v. Hofstra Univ.*, 708 F.3d 115, 129 (2d Cir. 2013) ("While a Title VII plaintiff need not prove that retaliation was the only motivating factor for an adverse action, the plaintiff must show that retaliation was the determinative factor." (citing *Gordon*, 232 F.3d at 117 (2d Cir. 2000) and *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000))); *Broich v. Inc. Vill. of Southampton*, 462 F. App'x 39, 46 (2d Cir. 2012) ("[T]o make out a claim for unlawful retaliation in violation of Title VII or § 1981, a plaintiff must establish merely that the protected activity 'was a substantial reason for the adverse employment action.'" (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005))), *cert. denied*, 568 U.S. ---, 133 S. Ct. 527 (2012); *Kwan*, 737 F.3d at 846 n. 5 ("Prior to the Supreme Court's decision in *Nassar*, in order to demonstrate pretext, a plaintiff was only required to demonstrate that a retaliatory motive was 'a substantial or motivating factor behind the adverse action,' rather than a 'but-for' cause of the adverse action." (citing *Raniola*, 243 F.3d at 625 (alteration omitted))).

Because the language of the jury charge is precisely the language that was rejected by the Supreme Court in *Nassar*, and because the Supreme Court applied the "but-for" standard to the parties before it, the Court is required to apply *Nassar* to this case. *See Cassotto*, 2013 U.S. Dist. LEXIS 111752, at *2–3 (finding that *Nassar* should be given retroactive effect, and granting defendant's motion for a new trial on the issue of causation in a Title VII retaliation claim). The Court therefore grants Defendant's motion for a new trial.

## II. Plaintiff's Motions

Plaintiff moved for reinstatement, pension contributions, backpay and attorneys' fees. (Docket Entry No. 47.) In light of the Court's determination that a new trial is warranted, Plaintiff's motion is denied as moot.

## III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion for a new trial. The Court denies Defendant's motion for judgment as a matter of law, and denies Plaintiff's motion for damages and attorneys' fees as moot.

SO ORDERED:

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: February 14, 2014
Brooklyn, New York